UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BENJAMIN CARANCHINI. <br><br> Plaintiff, <br><br> v. <br><br> BRINET GREELEE et al., <br><br> Defendants. | Case No. 14-CV-2334 <br><br> **ORDER DENYING APPOINTMENT OF COUNSEL; DEFERRING IN FORMA PAUPERIS DETERMINATION** <br><br><br> [Re Docket Nos. 2, 4] |

Plaintiff Benjamin Caranchini filed a complaint alleging violations of 42 U.S.C. § 1983. He requests leave to proceed in forma pauperis and appointment of counsel. Dkt. No. 2 (IFP Request); Dkt. No. 4 (Motion to Appoint Counsel).

### 1. Appointment of Counsel

Plaintiff moves the court for appointment of counsel. Plaintiff requests that the court appoint counsel based upon his poverty, mental health issues, and complexity of issues in the case. There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give

the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 30 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

Here, the court concludes that appointment of counsel is not necessary at this time. Plaintiff's complaint does not contain complex issues or appear to necessitate extensive discovery. Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice.

**The Court advises plaintiff that he may benefit from seeking advice from the Federal Legal Assistance Self Help Center ("FLASH").** *See* http://cand.uscourts.gov/helpcentersj.

### 2. In forma pauperis status

Plaintiff's complaint relates in part to an arrest in Monterey County. Complt. 5. Plaintiff attaches the criminal complaint filed as a result of that arrest. Ex. S. Plaintiff has not alleged the outcome of his criminal case. Because he cannot state a claim for relief under § 1983 until any conviction from the case is invalidated, *see Heck v. Humphrey*, 512 U.S. 477 (1994), the court orders to plaintiff to file a paper informing the court of the status of his criminal case.

### II.  ORDER

Plaintiff must file a paper informing the court of the status of the Monterey County criminal proceeding on or before July 14, 2014. Plaintiff's request for counsel is denied.  Plaintiff's request for IFP status is deferred.

Dated: June 27, 2014

_Ronald M. Whyte_
Ronald M. Whyte
United States District Judge

ORDER
Case No. 14-CV-2334-RMW
LM
- 2 -